**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

|  |  |
|---|---|
| **BRITTANY DAWN JENKINS** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **A. A. LIPPA, JR.** ) <br>    Serve: 118 Courthouse Lane ) <br>       Bowling Green, VA 22427 ) <br> ) <br> **and** ) <br> ) <br> **AARON GARTHAFFNER** ) <br>    Serve: 118 Courthouse Lane ) <br>       Bowling Green, VA 22427 ) <br> ) <br> **and** ) <br> ) <br> **ROGER L. HARRIS** ) <br>    Serve: 9119 Dean Ridings Lane ) <br>       Spotsylvania, VA 22553 ) <br> ) <br> **and** ) <br> ) <br> **B. HANDY** ) <br>    Serve: 9119 Dean Ridings Lane ) <br>       Spotsylvania, VA 22553 ) <br> ) <br> **and** ) <br> ) <br> **J. DURBIN** ) <br>    Serve: 9119 Dean Ridings Lane ) <br>       Spotsylvania, VA 22553 ) <br> ) <br> **Defendants.** ) <br> ) | Case No. **3:18-cv-00104-JAG** <br> _____ |

## **COMPLAINT**

Plaintiff, Brittany Dawn Jenkins, by counsel, for her Complaint seeking judgment against

Defendants A.A. Lippa Jr., Aaron Garthaffner Caroline County Deputy Sheriffs , Roger L. Harris, B. Handy and J. Durbin Spotsylvania County Deputy Sheriff's and states as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over Brittany Dawn Jenkins' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4).

2. This Court has supplemental jurisdiction over Brittany Dawn Jenkins' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts and omissions giving rise to Brittany Dawn Jenkins' claims occurred within the Eastern District of Virginia.

4. Assignment to the Richmond Division of the Eastern District of Virginia is proper, pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C), because a substantial part of the acts and omissions giving rise to Brittany Dawn Jenkins' claims occurred in Caroline and Spotsylvania Counties.

## PARTIES

5. At all relevant times, Plaintiff, Brittany Dawn Jenkins' was a citizen of the United States, and a resident of the Commonwealth of Virginia residing in Ruther Glen, Virginia.

6. At all relevant times, A.A. Lippa Jr. was the duly elected Sheriff of the Caroline County Sherriff's Office, a resident of the Commonwealth of Virginia, and strictly liable for the tortious acts of his deputies under Virginia law.

7. At all relevant times, Aaron Garthaffner was an officer employed by the Caroline County Sherriff's Office, a resident of the Commonwealth of Virginia, and acted under color of state law.

8. At all relevant times, Roger Harris was the duly elected Sheriff of the Spotsylvania County Sherriff's Office, a resident of the Commonwealth of Virginia, and strictly liable for the tortious acts of his deputies under Virginia law.

9. At all relevant times, B. Handy was an officer employed by the Spotsylvania County Sherriff's Office, a resident of the Commonwealth of Virginia, and acted under color of state law.

10. At all relevant times, J. Durbin was an officer employed by the Spotsylvania County Sherriff's Office, a resident of the Commonwealth of Virginia, and acted under color of state law.

## STATEMENT OF FACTS

11. On February 28, 2017, Brittany Dawn Jenkins, accompanied by her three minor children ages 1, 2, and 3, was operating a motor vehicle recently purchased and registered to Willie Scott Forrester, Brittany Dawn Jenkins' boyfriend.

12. The vehicle was purchased several days prior and had valid Virginia temporary tags.

13. A Caroline County Sherriff's Deputy, Aaron Garthaffner, came upon the vehicle, activated his lights and sirens, and pulled over the vehicle.

14. Deputy Garthaffner stopped the vehicle because of the temporary tags.

15. Deputy Garthaffner had no reasonable, articulable suspicion, let alone probable cause to stop the vehicle.

16. Upon approaching the vehicle, Deputy Garthaffner could plainly see that the temporary tags were valid.

17. At no point during the stop did Brittany Dawn Jenkins feel free to leave or feel free to not comply with the Deputy's commands.

18. Once stopped, Deputy Garthaffner demanded Brittany Dawn Jenkins' license and the vehicle's registration, which she supplied.

19. Deputy Garthaffner then ran Brittany Dawn Jenkins' name through the system and came back with several warrants issued out of Spotsylvania County.

20. There were two sets of warrants for two different offenses issued by two separate Spotsylvania County Deputy Sheriffs.

21. The first of these offenses occurred on May 8, 2016, and the warrants (hereinafter referred to as the "May warrants") were issued on May 19, 2016.  The complainant for each was Deputy B. Handy.

22. The May warrants listed Brittany Dawn Jenkins as the accused, however, the person actually sought by the complainant was Brittney Nicole Jenkins.

23. Brittany Dawn Jenkins' youngest child was born on May 9, 2016, a day after the alleged offense.

24. The May warrants listed the wrong address, the wrong social security number, the wrong height, the wrong weight, and the wrong eye color for Plaintiff.

25. The address listed on the May warrants was a McLean, Virginia address associated with Brittney Nicole Jenkins.

26. The second of these offenses occurred on June 12, 2016, and the warrants (hereinafter referred to as the "June warrants") were issued the very same day. The complainant for each was Deputy J. Durbin.

27. The June warrants also listed Brittany Dawn Jenkins as the accused, and the person actually sought by the complainant was also Brittney Nicole Jenkins.

28. The June warrants also listed the wrong address, the wrong social security number, the wrong height, the wrong weight, and the wrong eye color for Plaintiff.

29. The address listed on the June warrants was associated with Brittany Dawn Jenkins' mother several years prior to the issuance of the warrants; and associated with Brittany Dawn Jenkins over 5 years prior to the warrants being issued.

30. At the time of arrest Brittany Dawn Jenkins weighed 98 pounds, her eye color is brown, and she is 4'9".

31. Prior to Brittany Dawn Jenkins arrest on February 28, 2017, Brittney Nicole Jenkins had a rich criminal history and was arrested several times in Spotsylvania and the surrounding counties, and was incarcerated several times at the Rappahannock Regional Jail.

32. The Rappahannock Regional Jail maintains photographs of the detainees and inmates as they are processed.

33. These photographs are available to Sheriff's Deputies, and the general public online.

34. Brittany Dawn Jenkins' photograph from 2011 was also available.

35. Brittany Dawn Jenkins had no knowledge of the existence of these warrants, and she had just received her driver's license on December 7, 2016.

36. After Deputy Garthaffner told Brittany Dawn Jenkins of the existence of the warrants, she explained to him that she was not the person these warrants sought, that the information on these warrants was incorrect, and she explained that she could not have been the person sought because she gave birth the day after the date of offense on the May warrants.

37. Brittany Dawn Jenkins attempted to call her mother and there was no answer, and then left a message for her stepfather.

38. Her stepfather called the Caroline County Sheriff's office spoke with dispatch, and proceeded to explain that they had the wrong person.

39. Brittany Dawn Jenkins also gave Deputy Garthaffner the name of a Caroline County Sheriff's deputy that she knew personally because she provided cleaning services for his father.

40. Deputy Garthaffner, deciding to ignore the facial inconsistencies, i.e., the warrants had the wrong address, the wrong social security number, the wrong height, the wrong weight, and the wrong eye color for Plaintiff, the warrants were inconsistent with themselves, he ignored the pleas of innocence by Plaintiff, and foregoing the ability to discern for himself whether the warrants had the wrong person named, arrested Brittany Dawn Jenkins without performing any independent investigation himself.

41. Deputy Garthaffner never attempted to contact the Spotsylvania County Sheriff's Deputies who issued the warrants, or check the addresses listed on the warrants himself.

42. Yet Deputy Garthaffner must have known there was something wrong with the warrants as he kept Plaintiff and her three small children at the side of the road for almost two hours, and initially told her that he was not taking her in.

43. Deputy Garthaffner then told Brittany Dawn Jenkins that she was under arrest and that she could follow him to the Sheriff's office so that a family member could retrieve her three small children.

44. Deputy Garthaffner instead drove to the Department of Social Services ("DSS") and handed off the three small children to a DSS employee.

45. This was extremely traumatic for both Plaintiff and her children.

46. Brittany Dawn Jenkins was held in the Bowling Green Jail.

47. Brittany Dawn Jenkins was released on her own recognizance by the magistrate the same day.

48. Brittany Dawn Jenkins' arraignment was on March 9, 2017 at the Spotsylvania County Courthouse.

49. Brittany Dawn Jenkins hired an attorney and paid him $1000.00.

50. Between the day of her arrest and her arraignment Brittany Dawn Jenkins suffered extreme anxiety and fear that she would be incarcerated for crimes she did not commit.

51. When either Deputy Handy or Deputy Durbin took one look at Brittany Dawn Jenkins when she entered the courtroom the Deputy instantly knew that they had the wrong person.

52. As such, the prosecutor had no choice but to dismiss all charges with prejudice.

## COUNT I
**42 U.S.C. § 1983 – Unreasonable Seizure/Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments.**
**(Spotsylvania County Sheriff's Deputies Handy, Durbin, and Caroline County Sheriff's Deputy Garthaffner)**

53. Brittany Dawn Jenkins incorporates the foregoing paragraphs of this Complaint, as if fully set forth herein.

54. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

55. At all relevant times, Deputies Handy and Durbin were acting under color of state law.

56. At all relevant times, Plaintiff, a citizen of the United States and the Commonwealth of Virginia, had a clearly established right under the Fourth Amendment, as applied to the states by the Fourteenth Amendment, to be free from the unreasonable seizure by law enforcement officers.

57. Spotsylvania County Sheriff's Deputies B. Handy and J. Durbin caused legal process to issue against Plaintiff with reckless disregard for the truth and without probable cause.

58. A simple investigation by the Spotsylvania County Sheriff's Deputies would have revealed that Plaintiff was not the accused they were searching for.

59. In fact, a rudimentary google search would have revealed as much.

66. Plaintiff was seized based upon these invalid warrants by Deputy Garthaffner.

67. Not only were the warrants issued with reckless disregard for the truth and without probable cause as to Plaintiff, they were also facially deficient based upon all of the inconsistencies noted above.

68. Therefore, it was objectively unreasonable for Deputy Garthaffner to rely on the warrants to arrest Plaintiff.

69. As a direct and proximate cause of the Deputy Defendants' unreasonable seizure and malicious prosecution Plaintiff suffered financial, emotional and physical harm, and was otherwise injured.

70. The Deputy Defendants' unreasonable seizure and malicious prosecution of Plaintiff establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs.

## COUNT II
### 42 U.S.C § 1983 – Unreasonable Seizure in Violation of the Fourth and Fourteenth Amendment. (Caroline County Sheriff's Deputy Garthaffner)

71. Plaintiff incorporates the foregoing paragraphs of this Complaint, as if fully set forth herein.

72. Deputy Garthaffner had no reasonable articulable suspicion to pull over Plaintiff.

73. The arrest warrants as to Plaintiff were facially invalid, and Deputy Garthaffner had no individual probable cause to arrest Plaintiff.

74. As such, Deputy Garthaffner falsely arrested Plaintiff and violated her Fourth Amendments right to be free from unreasonable seizure.

75. As a direct and proximate result of Deputy Garthaffner's false arrest and unreasonable seizure without reasonable articulable suspicion or probable cause Plaintiff suffered financial, emotional and physical harm, and was otherwise injured.

76. Deputy Garthaffner's unreasonable seizure of Plaintiff establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs.

## COUNT III
### State Law Malicious Prosecution.
### (Spotsylvania County Sheriff Roger Harris, and Deputies Handy, Durbin, and Caroline County Sheriff A.A. Lippa Jr. and Deputy Garthaffner)

77. Brittany Dawn Jenkins incorporates the foregoing paragraphs of this Complaint, as if fully set forth herein.

78. Spotsylvania County Sheriff's Deputies B. Handy and J. Durbin caused legal process to issue against Plaintiff with reckless disregard for the truth and without probable cause.

79. A simple investigation by the Spotsylvania County Sheriff's Deputies would have revealed that Plaintiff was not the accused they were searching for.

80. In fact, a rudimentary google search would have revealed as much.

81. Plaintiff was seized based upon these invalid warrants by Deputy Garthaffner.

82. Not only were the warrants issued with reckless disregard for the truth and without probable cause as to Plaintiff, they were also facially deficient based upon all of the inconsistencies noted above.

83. Therefore, it was objectively unreasonable for Deputy Garthaffner to rely on the warrants to arrest Plaintiff.

84. Defendants Handy and Durbin acted with malice when they sought the warrants in reckless disregard for the truth, and Defendant Garthaffner acted with malice by ignoring the obvious facial deficiencies apparent on the face of the warrant and by lying to Plaintiff regarding her arrest.

85. The legal proceedings against Brittany Dawn Jenkins ended favorably when the prosecutor dismissed all charges with prejudice.

86. As a direct and proximate cause of the Deputy Defendants' malicious prosecution Plaintiff suffered financial, emotional and physical harm, and was otherwise injured.

87. At all times relevant hereto, Defendants Handy and Durbin acted in the course and scope of their employment with the Spotsylvania County Sherriff's Office.

88. At all times relevant hereto, Defendant Gartthaffner acted in the course and scope of his employment with the Caroline County Sheriff's Office.

89. Defendants Lippa and Harris, as Sheriffs of Caroline and Spotsylvania Counties respectively, are strictly liable and vicariously liable for the acts of their deputies.

## COUNT IV
### State Law False Imprisonment.
### (Caroline County Sheriff A.A. Lippa Jr. and Deputy Garthaffner)

90. Brittany Dawn Jenkins incorporates the foregoing paragraphs of this Complaint, as if fully set forth herein.

91. Defendant Garthaffner falsely imprisoned Brittany Dawn Jenkins by intentionally restricting her freedom by pulling over her vehicle without legal right to do so, without reasonable articulable suspicion.

92. Defendant Garthaffner falsely imprisoned Brittany Dawn Jenkins by intentionally restricting her freedom when he arrested her pursuant to an invalid warrant not supported by probable cause.

93. As a direct and proximate result of Defendant Garthaffner's false imprisonment Plaintiff suffered suffered shame, humiliation, embarrassment, and indignity to her feelings, and was otherwise damaged..

94. Defendant Lippa Jr. as Caroline County Sherriff is strictly liable in tort for the tortious acts of his deputies.

## COUNT V
### Battery.
### (Caroline County Sheriff A.A. Lippa Jr. and Deputy Garthaffner)

95. Brittany Dawn Jenkins incorporates the foregoing paragraphs of this Complaint, as if fully set forth herein.

96. Defendant Garthaffner tortiously battered Brittany Dawn Jenkins when he arrested her without legal justification.

97. This touching was unwanted and offensive.

98. This touching was without justification, without excuse, and without Plaintiff's consent.

99. Defendant Garthaffner otherwise battered Plaintiff.

100. As a direct and proximate result of Defendant Garthaffner's battrery Plaintiff suffered shame, humiliation, embarrassment, and indignity to her feelings, and was otherwise damaged.

101. Defendant Lippa Jr. as Caroline County Sherriff is strictly liable in tort for the tortious acts of his deputies.

## DAMAGES

102. As a direct result of the Defendants' conduct, Brittany Dawn Jenkins suffered severe physical and emotional injuries and damages, including:

   a. Shame, fright, mortification, embarrassment, humiliation and loss of dignity and pride, mental anguish, emotional pain, torment and suffering caused by the Defendants' unlawful violation of Brittany Dawn Jenkins' Constitutional Rights.

   b. Violation of Brittany Dawn Jenkins' constitutional rights.

   c. Other associated costs caused by the Defendants' violation of Brittany Dawn Jenkins' constitutional rights.

103. Further Plaintiff asks that the Court award her expenses that she reasonably incurs in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

WHEREFORE, based upon the foregoing, Plaintiff Brittany Dawn Jenkins demands judgment against Defendants for compensatory damages of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00) and punitive damages pursuant to 42 U.S.C. § 1983 and state law in an amount to be established at trial, together with costs incurred in the pursuit of just resolution of this matter, pre-judgment and post-judgment interest and attorney's fees to be established by the Court.

**A JURY TRIAL IS REQUESTED.**

**RESPECTFULLY SUBMITTED,**

Date: February 14, 2018

BRITTANY DAWN JENKINS

By: _____/s/_____
                  Counsel

Jonathan E. Halperin - VSB No. 32698
Andrew Lucchetti – VSB No. 86631
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
(804) 527-0100
(866) 335-1502 facsimile
jonathan@halperinlegal.com
andrew@halperinlegal.com
*Counsel for Plaintiff*